David J. Elkanich
ISB No. 8139
Email: delkanich@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
1000 SW Broadway, Suite 1250
Portland, Oregon 97205-3078
Telephone: (503) 243-3243
Facsimile: (503) 243-3240

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID SEEVER,<br><br>          Plaintiff,<br><br>vs.<br><br>SAXON MOPRTGAGE SERVICES, INC. a<br>Virginia Corporation; WELLS FARGO<br>BANK National Association, as Trustee for<br>Securitized Asset Backed Receivables LLC<br>2005-FRI Mortgage Pass Through<br>Certificates, Series 2005 - FRI<br><br>          Defendant. | Case No.<br><br><br>DEFENDANTS' NOTICE OF<br>REMOVAL |

PLEASE TAKE NOTICE that defendants SAXON MORTGAGE SERVICES, INC.[1]

("Saxon") and WELLS FARGO BANK National Association, as Trustee for Securitized Asset

Backed Receivables LLC 2005-FRI Mortgage Pass Through Certificates, Series 2005 – FRI

("Trustee") (collectively, "Defendants") hereby remove this action from the District Court of the

Third Judicial District of the State of Idaho, in and for the County of Canyon (hereinafter "State

Court Action") to the United States District Court for the District of Idaho, and in support thereof

state as follows:

---

[1] The caption of the State Court Action incorrectly spells defendant's name as "Saxon Moprtage Services Inc." The correct spelling is "Saxon Mortgage Services, Inc." and that will be utilized in this pleading.

1.      The Defendants are parties in a civil action brought against it in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon entitled: *David Seever v. Saxon Mortgage Services Inc.; Wells Fargo Bank National Association, as Trustee for Securitized Asset Backed Receivables LLC 2005-FRI Mortgage Pass Through Certificates, Series 2005 – FRI*.  Defendant Saxon was duly served with the Summons and Complaint and Jury Demand on or about May 9, 2011; true and accurate copies of the Summons and Complaint and Jury Demand are attached as Exhibit A.

2.      Plaintiff filed a Motion to Consolidate the above-captioned case with *Wells Fargo Bank National Association v. David A. Seever,* Case No. CV 2010-0007102, on or about May 4, 2011.  That hearing is scheduled for June 2, 2011.  True and correct copies of the motion are attached as Exhibit B.  Attached as Exhibit C is a copy of the Case History in the State Court Action, obtained from the Idaho Supreme Court Data Repository (https://www.idcourts.us/repository/start.do).

3.      The State Court Action was commenced when the Complaint was filed with the county clerk for Canyon County, Idaho, on or about December 27, 2010.  A copy of the Summons and Complaint and Jury Demand were served on Saxon on or about May 9, 2011.  The notice of removal is filed within 30 days after service of process in accordance with 28 U.S.C. § 1446(b).

4.      Federal subject matter jurisdiction exists in this case pursuant to 28 USC § 1441(b), because this is a civil action which includes a claim arising under the laws of the United States, namely 15 U.S.C. § 1692e (Fair Debt Collection Practices Act) and 15 U.S.C. § 1692f (Fair Debt Collection Practices Act)  As such, removal is appropriate without regard to the citizenship or residence of the parties.

5.      Alternatively, this is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332.  This action may be removed because the action involves a controversy between citizens of different states; none of the properly joined defendants is a citizen of Idaho; and the amount in controversy exceeds $75,000.

a.      Plaintiff David Seever is an individual residing in Canyon County, Idaho.

b.      Defendant Saxon was, when the plaintiff filed his complaint, and is now a corporation with its nerve-center in Fort Worth, Texas.

c.      Defendant Wells Fargo was, when the plaintiff filed his complaint, is now a corporation with its nerve-center in San Francisco, California.

d.      Plaintiff asserts the following claims:  Quite Title (Count 1); Slander of Title (Count 2); Fair Debt Collection Practices Act (Count 3); the Idaho Consumer Protection Act (Count 4), and Breach of Contract (Count 5).

e.      In part, plaintiff asserts a breach of contract and asks for the Court to void a Trustee's Sale that occurred on the subject property.  Plaintiff has asked for the Trustee's Deed (Instrument No. 2010017735) to be declared invalid; said Trustee's Deed reflects a sale amount of $182,750.00.  See Exhibit D.  The value of the property – and therefore the amount in controversy – far exceeds the $75,000 minimum jurisdictional requirement.  *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333 (1977) (when a plaintiff seeks a determination of liability under a contract, the potential liability is the amount in controversy, even if the plaintiff seeks a declaration that he or she is owed nothing); *Budget Rent-a-Car, Inc. v. Higashiguchi,* 109 F.3d 1471 (9th Cir. 1997) (notwithstanding plaintiff's prayer for $40,000 in a breach of contract claim, the value of the amount in controversy for removal analysis was $140,000, the contract's maximum potential liability); *Jackson v. American Bar Assoc.,* 538 F.2d

829, 831 (9th Cir. 1976) (stating that the value of injunctive relief depends on "the value of the right to be protected or the extent of the injury to be prevented"). Since plaintiff seeks a declaration that the foreclosure on his property is invalid, the amount in controversy far exceeds $75,000.

6.      The Defendants seek removal of this action to this Court and submits this Notice along with the exhibits, in accordance with 28 U.S.C. § 1441 and 1446.

7.      Written notice of the filing of this Notice of Removal will be given to the Plaintiff, and a copy of this Notice of Removal and supporting papers will be filed with the Clerk of the State Court, as provided by 28 U.S.C. § 1446(d).

8.      This notice is signed pursuant to FRCP 11.

WHEREFORE, the Defendants, SAXON MORTGAGE SERVICES, INC., and WELLS FARGO BANK National Association, as Trustee for Securitized Asset Backed Receivables LLC 2005-FRI Mortgage Pass Through Certificates, Series 2005 – FRI, prays that the above described action pending against it in the State Court be removed to this Court.

DATED this 1st day of June, 2011.

HINSHAW & CULBERTSON LLP

*s/ David J. Elkanich*
David J. Elkanich, ISB No. 8139
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the date noted below, I caused to be filed with the Court through the CM/ECF system, the document **Defendants' Notice of Removal**, which will send notification of such filing(s) to the following:

John Gannon, ISB No. 1975
1101 W. River Suite 340
Boise, Idaho   83702
Telephone:  (208) 433-0629
Facsimile:  (208) 343-5807
Email:  johngannon100@aol.com

DATED this 1st day of June, 2011.

HINSHAW & CULBERTSON LLP

_s/ David J. Elkanich_
David J. Elkanich, ISB #8139
Telephone: (503) 243-3243
Attorney for Defendants

JOHN L. GANNON #1975
216 West Jefferson Street
Boise, Idaho 83702
Telephone (208) 433-0629
Facsimile (208) 343-5807
Attorney for Plaintiff

Delivered 5 -9 -20 11
Authorized Person
Capitol Process Service

F I L E D
A.M. 4:35 P.M.

DEC 2 7 2010

CANYON COUNTY CLERK
J HEIDEMAN, DEPUTY

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

DAVID SEEVER

                    Plaintiff,

vs.

SAXON MOPRTAGE SERVICES INC. a
Virginia Corporation; WELLS FARGO
BANK National Association, as Trustee for
Securitized Asset Backed Receivables LLC
2005-FRI Mortgage Pass Through
Certificates, Series 2005 - FR1

                    Defendant

CASE NO. CV10-13524

SUMMONS

NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF. THE COURT
MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU
RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO: SAXON MORTGAGE SERVICES INC, a Virginia Corporation

    You are hereby notified that in order to defend this lawsuit, an appropriate written response

must be filed with the above designated court within 20 days after service of this summons upon

you. If you fail to so respond the court may enter judgment against you as demanded by the plaintiff

in the complaint.

    A copy of the Complaint is served with this Summons. If you wish to seek the advice or

SUMMONS - Page 1

JUDGE
GREGORY M. CULET
EXHIBIT _____ A
PAGE _____ 1

representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and the other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and the other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing, or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above named court.

DEC 2 7 2010

Dated this _____ day of _____, 2010

Clerk of the District Court

By____J HEIDEMAN_____

Deputy Clerk

SUMMONS - Page 2

EXHIBIT ___A___
PAGE ___2___

F I L E D
A.M. ___ 4:35 ___ P.M.

DEC 2 7 2010

CANYON COUNTY CLERK
J HEIDEMAN, DEPUTY

JOHN GANNON No.1975
Attorneys at Law
216 West Jefferson Street
Boise, Idaho 83702
Telephone No. (208) 433-0629
Attorneys for David Seever

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| DAVID SEEVER<br><br>　　　　　　Plaintiff<br><br>vs.<br><br>SAXON MORTGAGES SERVICES INC, a Virginia Corporation.  WELLS FARGO BANK National Association, as Trustee for Securitized Asset Backed Receivables LLC 2005-FR1 Mortgage Pass Through Certificates, Series 2005-FR1<br><br>　　　　　　Defendants. | Case No.  CV10-13524<br><br>COMPLAINT<br>AND JURY DEMAND |

COMES NOW the Defendant David Seever et al who hereby Complains and

Alleges:

### COUNT I   (QUIET TITLE - TRUSTEES SALE)

I

At all times herein mentioned the property at 2523 North Montana Avenue, Caldwell,

is the subject of this case and it is located in Canyon County Idaho. The Parties reside in

Canyon County or they are doing business herein.

II

At all times herein mentioned Saxon Mortgage Services Inc was the authorized

agent and servicer for the WELLS FARGO BANK National Association, as Trustee for

COMPLAINT AND JURY DEMAND - Page 1

JUDGE
GREGORY M. CULET

EXHIBIT ___A___
PAGE ___3___

Securitized Asset Backed Receivables LLC 2005-FR1 Mortgage Pass Through Certificates,

Series 2005-FR1, and was acting within the course and scope of their authority on behalf of

the Defendant Wells Fargo.

### III

A purported trustees sale of the property was requested by the Defendant Saxon

and Defendant has claimed such sale took place either on February 10, 2010, or April 9,

2010.

### IV

The purported sale, evidenced by a Trustees Deed, Instrument No. 2010017735 is

invalid because Saxon through its employees as late as April 5 and April 6, represented to

Plaintiffs Agent, Minerva Young, at the MAC Group that "there is no sale date now"

Further, on April 6 Saxon employees represented the Plaintiffs loan had been submitted for a

HAMP modification.

### V

The purported sale, evidenced by a Trustees Deed, Instrument No.2010017735 is

invalid because Saxon through its employees on or about April 3 or 4 said that no sale on

Plaintiffs home was pending.

### VI

The purported sale, evidenced by a Trustees Deed, Instrument No.2010017735 is

invalid because on January 29, 2010, the Plaintiff, acting in reliance upon forbearance

representations by Saxon employees paid $20,000 to the Defendant Wells Fargo via a wire

transfer and the default was superceded by an agreement. After receipt of the money, Saxon

promptly refused to honor said payment or agreement by demanding $80, 165.39, an amount

COMPLAINT AND JURY DEMAND - Page 2

EXHIBIT _A_

PAGE _4_

$24,000 in excess of the agreement.

## VII

The purported sale, evidenced by a Trustees Deed, Instrument No. 2010017735 is invalid because Plaintiff is informed and believes that the sale did not occur on February 10, 2010 as alleged in the Deed.

## VIII

There may be additional irregularities in the process which invalidate the purported sale, evidenced by a Trustees Deed, Instrument No. 2010017735. Plaintiff incorporates the facts and evidence in the Affidavit of David Seever and Affidavit of Minerva Young filed in Canyon County District Court Case No. CV 10-7102 into this Complaint and filed in support of the Preliminary Injunction Motion as if fully set forth herein.

## IX

The Defendant Wells Fargo was the beneficiary under the Trustees Deed and also the purchaser and its agent conducted this loan servicing and therefore, the Defendant Wells Fargo is not a bona fide purchaser of this property.

## X

Plaintiff asks that whatever purported Trustees Sale in this matter that occurred be declared void and of no effect, and further Plaintiff asks that a full accounting be provided and an accurate statement of the present balance due be made.

## XI

Plaintiff further asks that the Unlawful Detainer Proceeding pending in the Magistrate Division CV 10-7102 be enjoined and stayed and consolidated with this proceeding.

COMPLAINT AND JURY DEMAND - Page 3

EXHIBIT $A$

PAGE $5$

XII

Plaintiff asks for an award of costs and attorneys fees pursuant to Idaho Code 12-121

12- 120 and other applicable statutes.

## II (SLANDER OF TITLE)

I

The actions of the Defendant Saxon, and of Saxon as the agent for Wells Fargo  alleged

herein have caused an improper deed to be issued and slandered the title to the Plaintiffs

property.

II

The Defendant through its agent Saxon has been advised repeatedly of the Plaintiffs

claims herein, including a detailed letter from Attorney Jerry Kiser in late April, and they

have wilfully refused to take any action concerning this matter and clear title.

III

· As a result of this slander of title, Plaintiffs are incurring costs and attorneys fees in

clearing their title to the property as well as other special damages which may occur. Plaintiffs

request $3000 from each Defendant if this matter proceeds by default.

## COUNT III (FAIR DEBT COLLECTION PRACTICES ACT ( SAXON ONLY)

I

The Defendant Saxon is a debt collector as defined by the Fair Debt Collection

Practices Act (FDCPA) by its own admissions and representations.

II

At all times herein mentioned Plaintiff is a consumer as defined by the FDCPA.

COMPLAINT AND JURY DEMAND - Page 4

EXHIBIT ___ A

PAGE ___ 6

III

Defendant Saxon collects payments from the loans it services, including the debt it serviced which is the subject of this case.

IV

Plaintiff repleads Paragraphs III - VIII of Count I.

V

Defendant Saxon has violated the Fair Debt Collection Practices Act 15 USC 1692(f) in that it has engaged in unfair and unconsionable means to collect an alleged debt by:

(1)attempting to collect an amount which is not authorized by any agreement or permitted by law:

VI

Defendant Saxon has violated the Fair Debt Collection Practices Act 15 USC 1692(e) by engaging in false deceptive and  misleading representations in collecting this debt by:

· (2) falsely representing the character, amount and legal status of the debt

(5) The threat to take action which cannot be legally taken

(10) The use of false and deceptive means to collect a debt from the Plaintiff

(11) failed to ever provide correct debt validation notices to the Plaintiff.

VII

As a result of this conduct Plaintiff is entitled to the statutory damage of $1000 plus costs, and attorneys fees under 15 USC 1692(k), and other damages to be determined at trial including damages to clear the title on this property all of which probably exceed $10,000 the jurisdictional limit of this court.

COUNT IV CONSUMER PROTECTION ACT (SAXON)

I

COMPLAINT AND JURY DEMAND - Page 5

EXHIBIT  A
PAGE  7

This transaction is one for goods and services as defined in the Idaho Consumer Protection Act.

## II

The Defendant Saxon is a provider of services in connection with the loan that is the subject of this Complaint.

## III

Plaintiff repleads and realleges Paragraph III - VIII of Count I

## IV

The Defendant Saxon  in the exercise of due care knew or should have known that the conduct herein is an unfair and deceptive act or practice in violation of Idaho Code 48-603 (5) (7), (17) and a violation of regulations issued by the Idaho Attorney General.

## V

As a result of these violations, Plaintiff has incurred actual damages in an amount to be determined at Trial, but in the minimal amount of $20,000 plus interest, or in the statutory minimum amount in Idaho Code 48-608 plus costs and attorneys fees pursuant to said statute.

## COUNT V BREACH OF CONTRACT (SAXON AND WELLS)

## I

Defendant Saxon, and Defendant Wells Fargo by virtue of Saxon's agency, entered into verbal and an actual written contract for the repayment of past due claims

## II

Under duress, Plaintiff paid $20,000 on January 29, 2010 and returned a signed Forbearance Agreement which had a balance of approximately $54,000, which Plaintiff believed was wrong, but agreed to because he did not want his home sold on February 10,

COMPLAINT AND JURY DEMAND - Page 6

EXHIBIT _A_
PAGE _8_

2010.

### III

Within days, the Defendant through its agent Saxon demanded $80,165.39, an outrageous amount, and unilaterally changed the terms of the contract.

### IV

The actions of the Defendant were designed to make performance by Plaintiff impossible and at the same time collect the $20,000.

### V

As a result of the Defendants conduct, the Plaintiff is damaged in the amount of $20,000 plus possible loss of his home and the equity therein if the sale of his home is not set aside, in an amount to be proven at trial.

### VI

Plaintiff asks for an award of costs and attorneys fees pursuant to Idaho Code 12-120(3), and Idaho Code 12-121

WHEREFORE Plaintiffs ask for the following relief:

1. Judgment that the Trustees Deed issued in this case is void because the default was cured per an agreement and because of representations that a sale had not occurred as well as other deficiencies in the procedure.

2. Judgment pursuant to Count II for damages including attorneys fees and costs incurred in this proceeding.

3. Judgment pursuant to Count III and IV for damages in an amount to be proven at trial, but in the alternative the minimum statutory amounts allowable under each statute..

4. Judgment pursuant to Count V in the e amount of $20,000 or as proven at trial.

COMPLAINT AND JURY DEMAND - Page 7

EXHIBIT $A$
PAGE $9$

5. Costs and Attorneys Fees pursuant to I.C.12-120, 12-121, 48-608, 15 USC 1691K and other applicable statutes.  If this matter proceeds by Default against either Defendant, Plaintiff claims $3000 as attorneys fees.

6. Lawful prejudgement interest as allowed by law and such other relief as the Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated this 2 day of December, 2010

By_____

COMPLAINT AND JURY DEMAND - Page 8

JOHN GANNON No.1975
Attorneys at Law
216 West Jefferson Street
Boise, Idaho 83702
Telephone No. (208) 433-0629
Attorneys for David Seever

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| DAVID SEEVER | Case No. CV 10-13524 |
| Plaintiff | NOTICE OF HEARING |
| | REGARDING |
| vs. | MOTION TO CONSOLIDATE |
| SAXON MORTGAGES SERVICES INC, a Virginia Corporation. WELLS FARGO BANK National Association, as Trustee for Securitized Asset Backed Receivables LLC 2005-FR1 Mortgage Pass Through Certificates, Series 2005-FR1 | |
| Defendants. | |
| WELLS FARGO BANK, National Association, as Trustee for Securitized Asset Backed Receivables LLC 2005-FR1 Mortgage Pass Through Certificates, Series 2005-FR1 | Case No. CV 10-7102 |
| Plaintiff | |
| vs. | |
| DAVID SEEVER, DOES 1-10 AS OCCUPANTS. | |
| Defendants. | |

PLEASE TAKE NOTICE that David Seever, Plaintiff in Case No CV 10-13524

and Defendant in Case No. CV 10-7102 will call up for Hearing his Motion to Consolidate

NOTICE OF HEARING REGARDING MOTION TO CONSOLIDATE - Page 1

EXHIBIT _____ B

PAGE _____ 1

on Thursday the 2 day of June, 2011, at the hour of 9:00 AM or as soon thereafter

as the matter may be heard, before the Honorable Gregory Culet at his Courtroom at the

Canyon County Courthouse 1115 W Albany, Caldwell, Idaho

Dated this 3 day of May, 2011

By

## CERTIFICATE OF MAILING

I hereby certify that on the 3 day of May, 2011, I caused to be deposited in the United States postage prepaid, a true and correct copy of the foregoing pleading addressed to Holger Uhl McCarthy & Holtus 19735 10th Ave NE Suite N-209 Poulsbo, Washington 98370

By

NOTICE OF HEARING REGARDING MOTION TO CONSOLIDATE - Page 2

EXHIBIT B
PAGE 2

JOHN GANNON No.1975
Attorneys at Law
216 West Jefferson Street
Boise, Idaho 83702
Telephone No. (208) 433-0629
Attorneys for David Seever

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| DAVID SEEVER<br><br>               Plaintiff<br><br>vs.<br><br>SAXON MORTGAGES SERVICES INC, a<br>Virginia Corporation.  WELLS FARGO<br>BANK National Association, as Trustee for<br>Securitized Asset Backed Receivables LLC<br>2005-FR1 Mortgage Pass Through<br>Certificates, Series 2005-FR1<br><br>               Defendants. | Case No. CV 10-13524<br><br>MOTION TO CONSOLIDATE |
| WELLS FARGO BANK, National<br>Association, as Trustee for Securitized Asset<br>Backed Receivables LLC 2005-FR1<br>Mortgage Pass Through Certificates, Series<br>2005-FR1<br><br>               Plaintiff<br><br>vs.<br><br>DAVID SEEVER, DOES 1-10 AS<br>OCCUPANTS.<br><br>               Defendants. | Case No. CV 10-7102 |

COMES NOW the Plaintiff David Seever who hereby moves and requests that these

two cases be consolidated into one case pursuant to IRCP 42 for the reasons that these two

MOTION TO CONSOLIDATE - Page 1

EXHIBIT _____B____

PAGE _____3____

cases deal with common questions of law and fact and arise out of the same facts and circumstances.

This Motion is made based upon the record and file in each case.

This Motion is being made to the District Court in Case No CV 10-13524 based upon Counsels understanding that Case No.CV 10-7102 is in the Magistrate Division, and although it has a lower case number, the District Court would be appropriate because of its senior status.

Dated this 3 day of May, 2011

By

CERTIFICATE OF MAILING

I hereby certify that on the 3 day of May, 2011, I caused to be deposited in the United States postage prepaid, a true and correct copy of the foregoing pleading addressed to Holger Uhl McCarthy & Holtus 19735 10th Ave NE Suite N-200 Poulsbo, Washington 98370

By

MOTION TO CONSOLIDATE - Page 2

EXHIBIT B

PAGE 4

## Case History

### Canyon

### 19 Cases Found.

### David A Seever vs. Saxon Mortgages Services Inc, etal.

Case: **CV-2010-0013524-C** District    Filed: **12/27/2010** Subtype: **Other Claims**   Judge: **Gregory M Culet**    Status: **Pending**

Defendants: **Saxon Mortgages Services Inc**   **Wells Fargo Bank**

Plaintiffs: **Seever, David A**

| Pending hearings: | Date/Time | Judge | Type of Hearing |
|---|---|---|---|
| | 06/02/2011 9:00 AM | Gregory M Culet | Motion Hearing |

| Register of actions: | Date | |
|---|---|---|
| | 12/27/2010 | New Case Filed-Other Claims |
| | 12/27/2010 | Summons Issued (2) |
| | 12/27/2010 | Filing: A - All initial civil case filings of any type not listed in categories B-H, or the other A listings below Paid by: Gannon, John L (attorney for Seever, David A) Receipt number: 0079635 Dated: 12/27/2010 Amount: $88.00 (Check) For: Seever, David A (plaintiff) |
| | 05/04/2011 | Motion to Consolidate |
| | 05/04/2011 | Notice Of Hearing Regarding Motion to Consolidate 6-2-11 |
| | 05/04/2011 | Hearing Scheduled (Motion Hearing 06/02/2011 09:00 AM) david seevers motn to consolidate |
| | 05/17/2011 | Request for Judical Notice |

EXHIBIT _C_

PAGE _1_

THIS IS TO CERTIFY THAT THIS IS A FULL,
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORDED IN THE OFFICE OF THE COUNTY

RECORDING FEE: **$12.00**

RECORDING REQUESTED BY

RECORDED ON: **April 19, 2010**

AS DOCUMENT NO: **2010017735**

SEND TAX STATEMENTS TO AND WHEN RECORDED MAIL TO **s/ Josephine Galapon**
CHICAGO TITLE INSURANCE CO. (LSI DIVISION)

SAXON MORTGAGE SERVICES, INC.
4708 MERCANTILE DRIVE
FORT WORTH, TX 76137

---

Trustee's Sale No: 02-FMG-84750

# *FMG847500203000000*

## TRUSTEE'S DEED

**PIONEER LENDER TRUSTEE SERVICES, LLC**, as Successor Trustee under the Deed of or Transfer in Trust hereinafter particularly described, does hereby Bargain, Sell and Convey, without warranty, to Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC 2005-FR1 Mortgage Pass-Through Certificates, Series 2005-FR1 , (herein called Grantee), whose address is 4708 MERCANTILE DRIVE , FORT WORTH, TX 76137, all of the real property situate in the County of CANYON, State of Idaho, described as follows:

      ATTACHED HERETO AS EXHIBIT 'A' AND INCORPORATED HEREIN AS THOUGH
      FULLY SET FORTH.

This conveyance is made pursuant to the powers conferred upon Trustee by the Deed of Trust between DAVID SEEVER, AN UNMARRIED MAN, as Grantor(s), to ALLIANCE TITLE & ESCROW, as Trustee, in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FREMONT INVESTMENT & LOAN, as Beneficiary, dated 8/30/2004, recorded 9/8/2004 , under Instrument No. 200450332, Mortgage records of CANYON County, IDAHO, and after the fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance as follows:

(a) Default occurred in the obligations for which said Deed of Trust was given as security and the beneficiary made demand upon the said Trustee to sell said property pursuant to the terms of said Deed of Trust. Notice of Default was recorded as Instrument No. 2009051394, CANYON County, Idaho Mortgage Records and in the office of the Recorder of each other county in which the property described in said Deed of Trust, or any part thereof is situated, the nature of such default being as set forth in said Notice of Default. Such default still existed at the time of sale.

(b) After recordation of said Notice of Default, Trustee gave notice of the time and place of the sale of said property by registered or certified mail, by personal service upon the occupants of said real property, by posting in a conspicuous place on said premises and by publishing in a newspaper of general circulation in each of the counties in which the property is situated as more fully appears in affidavits recorded at least 20 days prior to date of sale as Instrument No. 2010002677, Instrument No. 2010002678, and Instrument No. 2010002679, CANYON County, Idaho Mortgage Records.

(c) The provisions, recitals and contents of the Notice of Default referred to in paragraph (a) supra an of the Affidavits referred to in paragraph (b) supra shall be and they are hereby incorporated herein and made an integral part hereof for all purposes as though set forth herein at length.

        ID TRUSTEES DEED

EXHIBIT _D_
PAGE _1_

(d) All requirements of law regarding the mailing, personal service, posting, publication and recording of Notice of Default, and Notice of Sale, and of all other notices have been complied with.

(e) Not less than 120 days elapsed between the giving of Notice of Sale by registered or certified mail and the sale of said property.

(f) Trustee, at the time and place of sale fixed by said Notice, at public auction, in one parcel, struck off to Grantee, being the highest bidder therefor, the property herein described, for the $182,750.00, subject however to all prior liens and encumbrances. No person or corporation offered to take any part of said property less than the whole thereof for the amount of principal, interest, advances and costs.

DATED: 4/13/2010.

PIONEER LENDER TRUSTEE SERVICES, LLC
Trustee

By _____

**Ronald W. Jantzen**        **Vice President**
(Name)                        (Title)

STATE OF _____ )
                       ) ss.
COUNTY OF _____ )

On 4/13/2010, before me a Notary Public in and for said State, personally appeared _____
_____, known and identified to me to be the _____
of the corporation who executed this instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

NOTARY PUBLIC in and for the State of _____
residing at: _____
My commission expires: _____

EXHIBIT _D_
PAGE _2_

-ACKNOWLEDGEMENT- LIMITED LIABILITY COMPANY

STATE OF IDAHO)
                    )ss.
COUNTY OF ADA )

On this 13 day of April, in the year 2010, before me, the undersigned, a Notary Public in
and for the said state, personally appeared **Ronald W. Jantzen** known to me to be the
Vice President of PIONEER LENDER TRUSTEE SERVICES, LLC, a Limited Liability
Company, that executed the instrument or the person who executed the instrument on
behalf of said Company and acknowledged to me that the company executed the same.
In witness whereof, I have hereunto set my hand and affixed my official seal, the day and
year in this certificate first above written.

NOTARY PUBLIC FOR THE STATE OF IDAHO
RESIDING AT:  BOISE, IDAHO
EXPIRATION DATE: 8/4/2015



EXHIBIT __D__
PAGE __3__